UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                         :

**OBDUL ANTHONY**,                              :

                     Petitioner,          :

                                      :    **MEMORANDUM AND ORDER**

           – against –             :    22-CV-6492 (AMD)

                                                           :

**WARDEN OF SUFFOLK JAIL**,           :

                                                          :

                     Defendant.          :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      On October 24, 2022, the petitioner, then incarcerated at the Yaphank Correctional

Facility in Riverhead, New York, filed this *pro se* petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2241.[1] The petitioner's request to proceed *in forma pauperis* ("IFP") pursuant to 28

U.S.C. § 1915 is granted. The petitioner is granted thirty days from the date of this Order to

submit an amended petition.

## BACKGROUND

      At the time of filing this action, the petitioner stated that he was a pretrial detainee. (ECF

No. 1 at 2.) He alleges that he was arraigned at the First District Court in Central Islip, New

York on December 20, 2021. (*Id.* at 7.) A pre-trial hearing was held on August 12, 2022, and a

control date was set for September 13, 2022, at which time the government was not ready to

proceed, which the petitioner alleges violated his right to a speedy trial. (*Id.* at 11-12.) The

---

[1] It is not clear that the petitioner is currently in custody. The only record for Abdul Anthony in the
Suffolk County inmate lookup system shows that Obdul Anthony was paroled on August 8, 2019. *See*
https://vinelink.vineapps.com/search/NY/Person (last visited November 28, 2022). The New York State
inmate lookup website does not have a current listing for the petitioner. *See*
https://nysdoccslookup.doccs.ny.gov/ (last visited November 28, 2022).

petitioner further asserts that his attorney "pushed" him to plead guilty.  (*Id.* at 13-14.)  The petitioner seeks to have the indictment dismissed and to be released from custody.  (*Id.* at 17.)

## DISCUSSION

The Court is required to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see also Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).  Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law."  *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

The Court may entertain a petition for a writ of habeas corpus from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]."  28 U.S.C. § 2243.

## I.    Ongoing Proceedings

It is unclear if the petitioner's criminal proceedings are ongoing.[2]  To the extent that the petitioner seeks to have the Court intervene in his pending state court proceedings, the Court must deny the petition.  In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of "special circumstances suggesting bad faith, harassment, or irreparable injury that is

---

[2] There is no information about the petitioner's case in the New York State courts records search provider.  *See* https://iapps.courts.state.ny.us/webcrim_attorney/AttorneyWelcome (last visited November 22, 2022).

both serious and immediate." *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010)

(quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)).  Federal courts generally abstain

from intervening in state criminal proceedings "'under the principle known as comity [because] a

federal district court has no power to intervene in the internal procedures of the state courts.'"

*Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (quoting *Wallace v. Kern*, 481 F.2d 621, 622

(2d Cir. 1973)).  The petitioner does not allege any facts suggesting bad faith, harassment, or

irreparable injury.  Rather, he simply disagrees with the trial court's decisions in his criminal

case.  To the extent that his criminal case is ongoing, there is no proper basis for this Court to

intervene.

## II.    Relief Under Section 2254

To the extent that the petitioner has been convicted and sentenced and seeks to challenge

his underlying state court conviction, the proper jurisdictional basis for the relief he seeks is 28

U.S.C. § 2254.  However, before a federal court may entertain a habeas corpus petition on behalf

of a state prisoner, the petitioner must first exhaust her or his available state remedies.  *See* 28

U.S.C. § 2254(b) and (c); *Woodford v. Ngo*, 548 U.S. 81 (2006) (explaining that "[a] state

prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly

presented his or her claims through one complete round of the State's established appellate

review process") (citation and internal quotation marks omitted); *Jimenez v. Walker*, 458 F.3d

130, 48-49 (2d Cir. 2006); *Smith v. Johnson*, No. 21-CV-00316, 2022 WL 4586305, at *2

(E.D.N.Y. Sept. 29, 2022).  As described above, it is not clear if the state court criminal

proceedings have finished.  Even if they are, the petitioner does not appear to have exhausted his

state court remedies.  Accordingly, to the extent that the petition could be construed as a petition

under 28 U.S.C. § 2254, it is premature.  *See* 28 U.S.C. § 2254 (b)(1)(A).

**CONCLUSION**

If the petitioner wishes to proceed with a § 2241 petition, he must file an amended § 2241 petition that: (1) identifies the grounds on which he seeks relief, and states whether he has been convicted and sentenced; and (2) pleads facts showing that he has fully exhausted his claims by presenting the grounds for relief to the state courts.  If the petitioner does not wish to pursue relief under 28 U.S.C. § 2241, he may notify the Court in writing within thirty days that he wishes to withdraw the petition.

The amended petition for a writ of habeas corpus under § 2241 must be submitted to the Court's *pro se* office within thirty days of the date of this Order.  If the petitioner does not respond and file an amended § 2241 petition, the Court will dismiss this petition without prejudice.  The Clerk of Court is directed mail a copy of this order to the petitioner and note service on the docket.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
        December 19, 2022